GANSEVOORT BANK OF CITY OF NEW YORK v. KEAHON et al.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. GUARANTY (§ 36*)—CONSTRUCTION—EXTENT OF LIABILITY.

Defendants gave a guaranty to plaintiff bank, which recited that "we * * * request you to guarantee to the owners of the steamer Dagfin * * * the payment of the freight on * * * asphalt from Venezuela to New York and also all other charges incident thereto, not exceeding the sum of $4,000," with the further provision that "this guaranty * * * covers any advances * * * necessary * * * on account of such freight or other charges connected with the delivery of said asphalt * * * to the city of New York." *Held*, that this guaranty was not limited to the sum of $4,000, but that it included all advances to secure the delivery of the asphalt, and that, the bank having paid for the asphalt, it could recover the purchase price from the guarantors.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

2. GUARANTY (§ 9*)—REQUISITES AND VALIDITY—NATURE OF OBLIGATION.

An instrument, given by defendants to a bank, whereby they requested the bank to guarantee the payment of freight on asphalt shipped from Venezuela to New York, and all charges incident thereto, is a guaranty

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the bank by the signers of repayment of the amount advanced in accordance with such request.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 9.*]

Appeal from Trial Term, New York County.

Action by the Gansevoort Bank of the City of New York against Virginia Keahon, as administratrix of Patrick Keahon, deceased, and others. From a judgment for plaintiff, certain of the defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James A. Deering (John Conway Toole, of counsel), for appellants Murphy, Gaffney, and Collins.

Michael J. Scanlon, for appellant Keahon.

Richard B. Kelly (Henry B. Twombley, of counsel), for respondent Adams.

Phillip J. Britt, for respondent Gansevoort of City of New York.

CLARKE, J. This action was to recover $10,705.48, with interest, from the 15th day of March, 1906, claimed to have been paid and advanced by the plaintiff for the benefit and use of the defendants. The respondent states in its brief:

"It is quite true * * * that the cause of action pleaded is on the written guaranty alone, and the plaintiff in this action has not at any time claimed that the defendants herein were liable for the repayment of the various advances made by the bank for their benefit under any other contract, written or oral."

The paper referred to is as follows:

"New York, May 12th, 1904. Gansevoort Bank, Cor. 14th & Hudson Streets, New York City—Gentlemen: We hereby jointly and severally request you to guarantee to the owners of the steamer Dagfin, now at New Orleans, the payment of the freight on from six hundred to one thousand tons of asphalt from Venezuela to New York, and also all other charges incident thereto, not exceeding the sum of $4,000. This guaranty also covers any advances that you may find it necessary to make on account of such freight or other charges connected with the delivery of said asphalt, or any part thereof, to the city of New York; and we hereby jointly and severally request you to guarantee said freight and charges, or make such advances for our account as you may find it necessary, in order to procure the delivery of the said asphalt at the city of New York. Respectfully yours, P. H. Keahon. James E. Gaffney. Jno. J. Murphy. R. G. Collins, Jr., May 24th. T. A. Adams, ¼ only."

Attached to the complaint is a schedule of moneys claimed to have been advanced upon the faith of this written guaranty, the first of which is May 6, 1904, six days before it was signed, and the last January 14, 1905. The appellants claim, first, that the guaranty was limited to the amount therein stated, to wit, $4,000; second, that, if not so limited, it was limited to the advances made on account of the freight or other charges connected with the delivery of from 600 to 1,000 tons of asphalt in order to procure the delivery thereof by the steamer Dagfin at the city of New York.

[1, 2] We think the clearly expressed purpose of this document was to guarantee the bank to the extent set forth in the second claim

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

expressed, supra. Immediately after the execution of the written guaranty, and on May 13, 1904, the bank delivered its check for $3,600 for payment in advance for charter of the Dagfin and for coal and other charges, and on June 24th its check for $397.28 for the same purpose, which makes a total of $3,997.28 for the ship. In order to procure the asphalt and land it at New York, it was necessary to pay for the purchase of the asphalt, duties,. and other necessary charges which fairly and necessarily come within the express language of the guaranty. The vessel arrived and was unloaded, and the asphalt was delivered in July, 1904.

The total amount of all the charges attributable to the voyage of the Dagfin and the delivery of the said asphalt in the city of New York is $8,064.89. The interest on said amount from March 15, 1906, the interest date claimed in the complaint, to November 30, 1909, the date of the judgment entered herein, is $1,794.42, making a total of $9,859.31. The asphalt was sold by the bank for $1,459.63, and the proceeds credited to the account. The interest thereon amounts to $325.39, making a total of $1,785.02, which leaves, as the amount of the recovery to which the plaintiff was entitled upon the facts disclosed by this record, $8,074.29 upon the date of the judgment. The other items proved and upon which plaintiff recovered were not covered by the written guaranty, and were improperly submitted to the jury upon this trial.

The interpretation which we put upon the guaranty and the items which we allow were proved in such a manner and by such proof as to eliminate any necessity of considering the objections by Mrs. Keahon, the administratrix of Patrick Keahon, to the admission of certain evidence as against her. The defendant Adams, who was responsible under the guaranty for one-fourth the amount thereof, has paid the amount found due as against him by the judgment, and is not an appellant here.

The judgment, so far as appealed from, should be reversed, and a new trial ordered, with costs to the appellants to abide the event, unless plaintiff stipulates to reduce the amount of the judgment as of · the date originally entered to $8,074.29, with costs as taxed, in which event the judgment as so reduced is affirmed, without costs to any party upon this appeal.

Settle order on notice. All concur.